UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVESTER HOUSTON STEWART, JOHN DOES 1-100,<br><br>Plaintiffs,<br><br>v.<br><br>PELICAN BAY STATE PRISON, et al.,<br><br>Defendants. | Case No. 23-cv-00289-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff Calvester Houston Stewart, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP"), the PBSP Warden Jim Robertson, PBSP Sergeant Silva, and a number of unnamed PBSP officials referred to in the complaint as "John Does." Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, certain claims are dismissed, and the complaint is ordered served upon Robertson and Silva for the claims that are capable of being judicially heard and decided.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that Defendants Robertson and Silva designed, supervised, and implemented a policy at PBSP in which strip searches of prisoners in which the prisoners' genitals and anuses are repeatedly exposed in the presence of other prisoners and prison officials of a different gender, and that privacy walls are removed from inmate toilet areas unlike at the rest of California prisons. Plaintiff asserts these practices constitute sexual harassment and also foster an environment in which sexual harassment and assault among prisoners is increased. When liberally construed, these allegations state a viable claim for the violation of Plaintiff's Eighth Amendment rights. *See Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) (cross-gender strip search that involves touching the inmate's genitalia and searching inside his anus is unreasonable as a matter of law in a non-emergency situation).

Plaintiff names PBSP as a Defendant. The Eleventh Amendment bars from the federal

courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to subsidiary state entities and state agencies. *See, e.g., Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). It is unclear whether PBSP itself is a proper Defendant insofar as it may simply be a building that is owned and run by a state agency (the California Department of Corrections and Rehabilitation ("CDCR")) and not a government entity in its own right. If Plaintiff names PBSP as a building, the proper Defendant is the CDCR as the entity responsible for prison policies. To the extent it is a state government entity, PBSP, like the CDCR, is entitled to immunity from Plaintiff's claims under the Eleventh Amendment. Therefore, the claims against PBSP are not valid.

In addition to himself, Plaintiff Steward includes "John Does 1-100," who are unnamed PBSP inmates, as plaintiffs. Plaintiff is not an attorney, so he may not represent other plaintiffs. As a result, any additional plaintiffs would have to submit and sign the complaint, any amended complaints, and the application to proceed in forma pauperis. They would also have to either sign or file their own versions of any additional filings in this case. Because of security restrictions on inmates communicating or corresponding with each other, let alone doing so confidentially, the coordination necessary to litigate a single case by multiple inmates is not possible and at best would cause lengthy delays and waste judicial resources. For these reasons, Plaintiff may proceed with this case, but if other inmates want to bring similar claims, they must do so in their own case.

## CONCLUSION

For the foregoing reasons,

1. The claims against Pelican Bay State Prison and by Plaintiffs "John Does 1-100" are DISMISSED. The Eighth Amendment claims against Defendants Robertson and Silva are valid claims, when liberally construed.

2. Defendants Warden Jim Robertson and Sergeant Silva shall be served at Pelican Bay State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's

1  (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance
2  with the program, the Clerk is directed to serve on CDCR via email the following documents: the
3  Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The
4  Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. To expedite the resolution of this case:

a. No later than **May 1, 2023**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

4

1  c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **June 1, 2023**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

  d. Defendants shall file a reply brief no later than **June 15, 2023**.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**IT IS SO ORDERED.**

Dated:

JACQUELINE SCOTT CORLEY
United States District Judge