UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TA SETI,

    Plaintiff,

  v.

JIM ROBERTSON, et al.,

    Defendants.

Case No.  23-cv-00289-JSC

**ORDER GRANTING MOTION FOR LEAVE TO AMEND; OF PARTIAL DISMISSAL; SERVING NEW DEFENDANTS; SETTING NEW DISPOSITIVE MOTION SCHEDULE**

Re: Dkt. No. 12

## INTRODUCTION

Plaintiff Ta Seti[1], a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP"), the PBSP Warden Jim Robertson, PBSP Sergeant Silva, and a number of unnamed PBSP officials referred to in the complaint as "John Does."  The claims against PBSP and the "John Doe" Plaintiffs were dismissed, and the claims against Defendants Robertson and Silva were allowed to proceed.  (ECF No. 4, 7.)  Plaintiff has filed a motion for leave to amend his complaint and his proposed amended complaint naming seven new PBSP employees as Defendants.  (ECF Nos. 12, 12-1.)  Defendants Robertson and Silva have appeared and filed an opposition.

For the reasons discussed below, the motion for leave to amend is GRANTED.  Upon review of the amended complaint under 28 U.S.C. § 1915A, certain claims in the amended complaint are DISMISSED, the new Defendants are ordered served based upon  Plaintiff's claim under the Eighth Amendment that is capable of being judicially heard and decided, and a new schedule for dispositive motions is ordered.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] Plaintiff filed a notice that he changed his name from Calvester Houston Stewart.  (ECF No. 14.)

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

As Plaintiff's request to amend comes more than 21 days after service (ECF Nos. 7, 12), he may amend "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants indicate, correctly, that the amended complaint is the same as the original complaint except that Plaintiff simply adds seven new PBSP officials as Defendants. Consequently, the amended complaint contains claims that the Court previously dismissed in its

2

1  review of the original complaint under 28 U.S.C. § 1915A, specifically, the claims against PBSP

2  and claims brought by the "Doe" Plaintiffs.  Futility is grounds for denying leave to amend.  *See*

3  *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  However, in the interest of

4  judicial economy and in light of Plaintiff proceeding without a lawyer, the better course is for the

5  Court to allow the amended complaint and review it under 28 U.S.C. § 1915A.

6       As noted, the amended complaint contains the same claims against PBSP and the same

7  "Doe" Plaintiffs that were in the original complaint.  For the reasons explained in the order of

8  service (ECF No. 4), these are not claims upon which relief may be granted.  They will be

9  dismissed.

10       The amended complaint also contains the same Eighth Amendment claim from the original

11  complaint that the Court found capable of being judicially heard and decided as to Defendants

12  Robertson and Silva::

13          Plaintiff alleges that Defendants Robertson and Silva

14  designed, supervised, and implemented a policy at PBSP in which strip searches of prisoners in which the prisoners' genitals and

15  anuses are repeatedly exposed in the presence of other prisoners and prison officials of a different gender, and that privacy walls are

16  removed from inmate toilet areas unlike at the rest of California prisons.  Plaintiff asserts these practices constitute sexual

17  harassment and also foster an environment in which sexual harassment and assault among prisoners is increased.  When

18  liberally construed, these allegations state a viable claim for the violation of Plaintiff's Eighth Amendment rights.  *See Wood v.*

19  *Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the

20  Eighth Amendment."); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) (cross-gender

21  strip search that involves touching the inmate's genitalia and searching inside his anus is unreasonable as a matter of law in a non-

22  emergency situation).

23  (ECF No. 4 at 2.)  The amended complaint adds seven PBSP officials as new Defendants to this

24  claim and, when liberally construed, alleges these  officials also implemented and supervised the

25  same strip-search policy and practices at PBSP as Defendants Robertson and Silva.  (ECF No. 12-

26  1 at ¶¶ 12-22, 36-37.)  For the reasons described in the order of service, these alleged policies and

27  practices, when liberally construed, sufficiently allege the violation of Plaintiff's Eighth

28  Amendment rights.  Moreover, although Plaintiff sues these new Defendants in their official

capacities (as well as their individual capacities), he may do so without violating the Eleventh Amendment because he seeks injunctive relief to stop them from continuing the  assertedly unlawful strip-search policy and practices.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (a plaintiff may obtain prospective injunctive relief against government officials in their official capacity if the officials are an agent of a policy or custom of the governmental entity that is the moving force behind the violation of the Plaintiff's rights).

Accordingly, in the interests of justice, Plaintiff is granted leave to file his proposed amended complaint, and the case will proceed based upon the claim in the amended complaint challenging the strip-search policy and practices at PBSP under the Eighth Amendment.  The seven new PBSP officials named as Defendants, who have not yet been served, will be ordered served, below.

## CONCLUSION

For the foregoing reasons,

1.  Leave to file the amended complaint (ECF No. 12-1) is GRANTED.  The amended complaint is now the operative complaint and completely replaces the original complaint.

2.  The claims against Defendant Pelican Bay State Prison and by Plaintiffs "John Does 1-100" are DISMISSED.  The Eighth Amendment claim against the remaining named Defendants, i.e. Robertson, Silva, and the seven PBSP officials who were added as Defendants in the amended complaint, when liberally construed, is capable of judicial review and determination.

3.  Defendants Chief Deputy Warden R. Bell and Associate Wardens K. Osborne, A. Pepiot, P. Barnesburg, O. Parry, and T. Lemos shall be served at Pelican Bay State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s)

listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.  To expedite the resolution of this case:

a.  No later than **August 1, 2023**, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **August 29, 2023**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **September 12, 2023**.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No

hearing will be held on the motion unless the Court so orders at a later date.

**IT IS SO ORDERED.**

Dated: May 10, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.